IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH LEO GUILLORY,

                        Petitioner,

            v.                                CASE NO.08-3069-SAC

STATE OF KANSAS,

                        Respondent.


O R D E R

    This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed petitioner's limited financial resources, the court grants petitioner's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Petitioner was convicted in 2002 on his no contest plea to the charge of first degree murder, and was sentenced to a term of life imprisonment with no possibility of parole for 25 years.  Petitioner filed no appeal from that conviction or sentence.

    Approximately three years later, petitioner filed a motion in the state district court for post-conviction relief under K.S.A. 60-1507, claiming his plea was coerced and that he was never informed he could appeal.  The state district court denied the motion.  The Kansas Court of Appeals directed petitioner to show cause why the appellate court had jurisdiction over the appeal, and then dismissed the appeal as untimely filed.  The Kansas Supreme Court granted further review, but then dismissed the appeal on November 2, 2007. Petitioner then filed the instant action under 28 U.S.C. § 2254 on March 2, 2008.

A one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

Applying these statutes, the court finds this matter should be dismissed because the application is clearly time barred. *See* Kilgore v. Estep, 519 F.3d 1084, 1089-90 (10th Cir. 2008)(sua sponte dismissal of a § 2254 habeas petition is allowed if the petition is clearly untimely on its face).

In the present case, the statutory one year period for seeking federal habeas review expired in 2003, one year after petitioner's conviction and sentence became final. *See* 28 U.S.C. § 2244(d)(1)(A).[1] Although petitioner filed the instant petition within one year of the denial of relief of his post-conviction motion, this state post-conviction proceeding had no tolling effect on the one year limitation period that had already expired. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*,

---

[1] 28 U.S.C. § 2244 directs that the limitation period is to run from the latest of four possible dates, 28 U.S.C. § 2244(d)(1)(A)-(D), but the only date calculation appropriate under the facts of the instant case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

535 U.S. 1034 (2002).

Accordingly, the record makes clear that petitioner did not file the instant habeas application within the one year period provided under 28 U.S.C. § 2244(d)(1) and (2) for seeking habeas corpus relief in a federal court. Finding nothing to suggest any "rare and exceptional" circumstances warranting the equitable tolling of the limitation period, *see* Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003), the court concludes the application should be dismissed as time barred.[2]

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 8th day of August 2008 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2]It further appears from petitioner's litigation history in the state courts that federal habeas review of petitioner's claims would be barred by petitioner's procedural default in presenting his claims to the state courts for review, even if the petition could be construed as timely filed.  Given petitioner's clear failure to file a timely petition, however, the court does not decide this separate procedural issue.

3